UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

KOON'S FARMS, INC.,
a Florida corporation,

Case No. 3:12-bk-00275-PMG
and Case No. 3:12-bk-00274-PMG

and

SIDNEY CURTIS KOON and
JULIE SINGLETARY KOON,

Jointly Administered Under
Case No. 3:12-bk-00275-PMG

Chapter 12 Debtors.

_____

KOON'S FARMS, INC., and SIDNEY CURTIS KOON
and JULIE SINGLETARY KOON,

Plaintiffs,

vs.

LAFAYETTE STATE BANK,

Defendant.

_____

## COMPLAINT FOR DAMAGES

The Plaintiffs, Koon's Farms, Inc., Sidney Curtis Koon and Julie Singletary Koon ("Plaintiff"

or "Koons"), through the undersigned counsel, file this adversary proceeding against the Defendant,

Lafayette State Bank ("Defendant" or "Bank"), and assert as follows:

Nature of Action

1.     This is an adversary proceeding governed by Rule 7001(7), Federal Rules of

Bankruptcy Procedure and related rules and code provisions for extension of the automatic stay or

1

alternatively for injunctive relief.

2.      The Plaintiffs' main administrative cases were commenced on January 18, 2012.

Parties

3.      The Plaintiff, Koon's Farms, Inc., is a corporate Debtor in the above styled jointly administered bankruptcy Chapter 12 Case. The Plaintiffs, Sidney Curtis Koon and Julie Singletary Koon, are Debtors in the same jointly administered Chapter 12 Cases.  Unless the context or specific allegation requires further identification, the Plaintiffs in this adversary proceeding will be referred to as "Plaintiffs" or "Koons."

4.      The Defendant, Lafayette State Bank, is a banking corporation organized and existing pursuant to the laws of the state of Florida.

Jurisdiction

5.      This Court has jurisdiction of this case and adversary proceeding pursuant to Title 28, United States Code, §1334.

6.      This proceeding is a core proceeding pursuant to Title 28, United States Code, §157(b)(2) (A), (K) and (O).

Venue

7.      The venue of this case and adversary proceeding properly lies in the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division, pursuant to Title 28, United States Code, §§1408 and 1409.

Factual Background

8.      On or about March 2, 2010. Rabo Agrifinance, Inc. ("Rabo") made a loan in the amount of $1,000,000.00 to the Koons.   A true and correct copy of this documentation is attached

2

as Plaintiffs' Exhibit 1.

9.      In order to secure the Loan, the Koons executed and delivered to Rabo a security agreement granting Rabo a blanket lien security interest in all of the personal property making up Koon's Farms business operations and all products and proceeds therefrom. A UCC-1 perfecting such security interest was duly filed in the Florida UCC registry on March 10, 2010.   A true and correct copy of this documentation is attached as Plaintiffs' Exhibit 2.

10.     In connection with the Loan and as an incentive for Rabo to make the Loan to keep Koon's Farms operating, Rabo and the Bank entered into that certain letter agreement dated March 3, 2010, whereby the Bank subordinated any security interest it may have in any of the Koons' assets to that held by Rabo.   A true and correct copy of this documentation is attached as Plaintiffs' Exhibit 3.

11.     The BANK recorded UCC financing statements (the "BANK'S UCCS") to perfect the BANK'S LIEN. The BANK'S UCC's include: (a) UCC Filing Numbers 200508961767 (being a UCC-1 Financing Statement) and 200901731526(being a UCC-3 continuation of 200508961767); and (b) UCC Filing Numbers 200508684771 (being a UCC-1 Financing Statement) and 200901731518 (being a UCC-3 continuation of 200508684771).  However, according to the Bank's UCC financing statements, the Bank only perfected any security interest it may have in the assets of Sidney Koon.   A true and correct copy of this documentation is attached as Plaintiffs' Exhibit 4.

12.     Notwithstanding the perfected UCC-1 financing statements and security interests held by Rabo in any of the Koons' assets, the Bank demanded and received payments from the Koons after the Subordination Agreement was entered into by and between the Koons and Rabo. When Rabo discovered, in October 2011, that the Bank had received such payments, Rabo made a written

demand that the Bank turnover the funds in question.     A true and correct copy of this documentation is attached as Plaintiffs' Exhibit 5.

13.     The Bank refused to turnover such proceeds or comply with the Subordination. comply.

14.     On or about November 23, 2011, the Bank filed a Verified Complaint commencing litigation in the Third Judicial Circuit, in and for Lafayette County, Florida, seeking declaratory relief on three separate counts, all of which essentially seek a declaration negating Rabo's rights under the Subordination Agreement, and seeking a decree sanctioning or approving the Bank's already undertaken and concluded actions.   In this state court declaratory judgment action, the Bank asserted that it held a security interest superior to the security interest of Rabo in the assets of the Koons including the Koons' 2011 peanut and corn crop proceeds.    A true and correct copy of this documentation is attached as Plaintiffs' Exhibit 6.

15.     The Bank's Verified Complaint commencing litigation in the Third Judicial Circuit, in and for Lafayette County, Florida, and the Bank's actions in taking the Plaintiffs' 2011 crop proceeds did not state a cause of action and constituted a tortious interference with Rabo's security interest and the existing business relationship between Rabo and the Koons in that:

a.     The Bank's verified Complaint did not sufficiently plead any imminent harm that would result if declaratory relief were mot granted;

b.     The Bank's Verified Complaint did not plead sufficient allegations to show that it held a security interest in the Koons' farm assets;

c.     The Bank's Verified Complaint was based on a mis-reading of the terms of the Subordination Agreement between Rabo and the Bank;

4

d.      The Bank's Verified Complaint fraudulently joined the Koons for purposes of defeating federal diversity jurisdiction but said Complaint sought no affirmative relief against the Koons;

e.      The Bank failed to join as a party to the action for declaratory judgment Mayo Fertilizer, Inc., which also held a security interest in the Koons' assets; and

e.      The Bank knew or should have known that any security interest it held was subordinate to the security interest held by Rabo and Mayo Fertilizer, Inc. as shown in the analysis of Koon's Farms UCC Documents set forth in the table attached to this Complaint as Plaintiffs' Exhibit 7.

16.      On January 18, 2012, Sidney Curtis Koon and Julie Singletary Koon filed for relief under Chapter 12 of the United States Bankruptcy Code in the Middle District of Florida, Jacksonville Division, Case No. 3:12-bk-00274-PMG.

17.      On January 18, 2012, Koon's Farms, Inc. filed for relief under Chapter 12 of the United States Bankruptcy Code in the Middle District of Florida, Jacksonville Division, Case No. 3:12-bk-00275-PMG.

18.      On February 8, 2012, the United States Bankruptcy Court presiding over these two Chapter 12 Cases entered an Order Directing Joint Administration of Cases in the two Chapter 12 Cases.   A true and correct copy of this documentation is attached as Plaintiffs' Exhibit 8.

19.      On February 8, 2012, the United States Bankruptcy Court presiding over these two Chapter 12 Cases entered an Order Directing the Endorsement and Negotiation of Checks and Establishment of Escrow Account Pending Determination of Lien Priority Disputes between the Bank and Rabo Agrifinance, Inc.  As a result of this Order, the checks issued by various crop

purchasers were negotiated and held by the Bank in an escrow account ("the Escrow Funds"). A true and correct copy of this documentation is attached as Plaintiffs' Exhibit 9.

20.     On or about January 26, 2012, Rabo removed the action in the Circuit Court of the Third Judicial Circuit in and for Lafayette County, Florida, captioned Lafayette State Bank v. Rabo Agrifinance. Inc.. a foreign corporation: Koon's Farms Inc., a Florida corporation, Sidney Koon, individually, and Julie Koon, individually, Case No. 11-204CA ("State Court Action").

21.     On March 27, 2012, the Koons, Rabo, the Bank and Mayo Fertilizer, Inc., filed a Joint Motion to Approve Compromise of Controversy in which the Bank recognized and agreed that:

a.      Rabo possesses a first priority, valid and perfected security interest, in the Escrow Funds, based upon Rabo's loan to the Chapter 12 Debtors (the "Rabo Loan"), and Rabo's UCC filing 20100214154 dated March 10, 2010. Rabo's first priority secured claim is properly calculated as follows:

  i.      Principal Balance of Secured Claim in the amount of $700,570.21;

  ii      Accrued Interest through March 13, 2012, in the : $48,520.09;

  iii.    Accrued Attorneys' Fees and Costs in the amount of $61,300.00; and

  iv.     Rabo's secured claim shall bear interest at the per diem rate of $102.05 per day, per day until paid in full from the Escrow Funds, representing per diem interest calculated at the non-default rate of 5.244% per annum.

b.      Mayo Fertilizer possesses a second priority, valid and perfected security interest in the Escrow Funds, based upon Mayo Fertilizer being the assignee of certain additional claims and security interests of Producer's Credit Corporation, a/k/a

ProPartners Financial, UCC filing 201104497695 dated April 29, 2011, in the amount of $397,653.35 with an aggregate principal balance of Mayo Fertilizer's claims in the amount of $608,217.07, without consideration of accrued interest or attorneys' fees and costs. Accordingly, Mayo Fertilizer's secured interest in the Escrow Funds shall be paid to the greatest extent possible, with the remainder of the Escrow Funds. This payment will be a partial payment of Mayo Fertilizer's claims, and will result in Mayo Fertilizer retaining additional claims in the Bankruptcy Cases.

c.      The interests of the Bank are not secured by the Escrow Funds. Accordingly, the Bank was to receive no disbursement of the Escrow Funds.

A true and correct copy of this documentation is attached as Plaintiffs' Exhibit 10.

<u>Tortious Interference with Business Relationship</u>

22.     At all times material to the allegations contained in this adversary proceeding, a business relationship existed by and between the Plaintiffs, Koon's Farms, Inc., Sidney Curtis Koon and Julie Singletary Koon, and Rabo Agrifinance, Inc. in the form of a Security Agreement in the Koons' assets including their 2011 corn and peanut crops.

23.     The Defendant, Lafayette State Bank, had knowledge of the business relationship that existed by and between the Plaintiffs, Koon's Farms, Inc., Sidney Curtis Koon and Julie Singletary Koon, and Rabo Agrifinance, Inc. as referenced in paragraph 22 of this adversary proceeding.

24.     The Defendant, Lafayette State Bank, intentionally and without justification interfered with the business relationship by and between the Plaintiffs, Koon's Farms, Inc., Sidney Curtis Koon and Julie Singletary Koon, and Rabo Agrifinance, Inc. by asserting a security interest superior to that

7

of Rabo Agrifinance, Inc. in the 2011 crop proceeds, accepting checks from the Koons' 2011 crop buyers or otherwise receiving proceeds from the sale of the Koons' crops.

25.     The Plaintiffs have suffered damages as a result of the Defendant's breach of the business relationship described herein in that:

a.      The Koons would have had $61,300.00 in additional 2011 crop proceeds available for debt service on existing obligations and payment of operating expenses instead of being allocated to pay Rabo's attorney's fees resulting from the Bank's initial assertion of a superior interest only to later admit that its interests were not secured by the Escrow Funds resulting from the 2011 crop proceeds.

b.      The Koons would have had $48,520.09 in additional 2011 crop proceeds available for debt service on existing obligations and payment of operating expenses instead of being allocated to pay Rabo's interest on its account resulting from the Bank's initial assertion of a superior interest only to later admit that its interests were not secured by the Escrow Funds resulting from the 2011 crop proceeds.

c.      If the Bank had not interfered with the business relationship between the Plaintiffs and Rabo Agrifinance, Inc., Rabo would have been paid in full for the sums it advanced to the Koons to produce the 2011 crop and Rabo would have financed the Koons' 2012 crops thereby permitting the Koons to (i) timely plant its 2012 crops and realize maximum feasible yields and (ii) avoid filing for bankruptcy by being able to structure payments to other creditors.

d.      As a result of the Bank's interference with the business relationship by and between the Koons and Rabo Agrifinance, Inc., there was a substantial delay in all parties reaching the Joint Motion field March 27, 2012.  Until this was resolved and Rabo's superior

8

security interest paid and satisfied, the Koons could not negotiate, agree to and obtain

an Order Granting Motion to Obtain Credit for the 2012 crop year.  This delay

substantially reduced the yields expected for the Koons' 2012 crops as follows:

Damages: Reduced 2012 Corn Crop Yield

The 2012 Corn should have been planted late February; however it was not planted until middle

of March.  The goal is to have the corn ready for the pollination process during the cooler days and

nights of April.  The reasoning behind planting when nights are at or below 50°F, this reduces respiration

rates and preserves plant sugars, which can be used for growth or reproduction, or stored for yield.

When high day and nighttime temperatures coinciding with the peak pollination period, it is expected

to have lower yields.  High nighttime temperature increases the respiration rate of the plant, causing it

to use up or waste sugars for growth and development.  This result in the plant making less sugar but

using up more that it would during cooler temperatures.   This chart shows how this ultimately affects

corn yield and selling the end product.

| Pre-Bankruptcy yields | 240 Bu per acre average | 750 acre | 180,000 Bu | $6.50 per Bu | $1,170,000.00 |
|---|---|---|---|---|---|
| Post-Bankruptcy yields | 175 Bu per acre average | 750 acre | 131,250 Bu | $6.50 per Bu | $853,125.00 |
| Difference in the two | 65 Bu per acre average | 750 acre | 48750 Bu | $6.50 per Bu | $316,875.00 |

Damages: Lost Corn Crop Contract

Because the 2012 Corn was planted late that also affected when the corn would be harvested.

The Plaintiffs lost a Corn Contract for $8.50 for 20,000 bushels delivered in July.  There will be no way

that the corn will be ready for harvest for that delivery date resulting in the contract to go to market

price.

| Pre-Bankruptcy yields | 20,000 bu | $8.50 | $170,000.00 |
| Post-Bankruptcy yields | 20,000 bu | $6.50 | $130,000.00 |
| Difference in the two | 20,000 bu | $2.00 | $40,000.00 |

### Damages: 2012 Peanut Crop

The planting of the 2012 Peanut crop was also delayed due to the Bankruptcy Case.  There was a hold up on the signing of the Subordination Agreement.  Due to having attorneys involved the Subordination Agreement was dated for April 20, however it was not actually signed until the end of May.  We stated planting at the end of May.  We used a 1000lb per acre, as a loss of yield because of heat.  It will get so hot in July that the pegs of the plant will burn.  The pegs are what forms the peanuts and affects yields.

| Pre-Bankruptcy Yields | 2 tons per acre average | 1320 acres | 2,640 tons per acre | $650.00 | $1,716,000.00 |
| Post-Bankruptcy Yields | 1000lbs per acre average | 550 acres | 550,000 lbs / 2000 (converting to Tons) 275 tons per acre | $500.00 ton | $137,500.00 |
| Difference in the two | | 770 acres | 2365 tons per acre | $150.00 | $1,578,500.00 |

### Damages: 2012 Oat Crop

The Plaintiffs lost the entire 2012 Oat Crop.  On an average year the Plaintiffs would plant approximately 800 acres of oats with a average of 80 bushels per acre.  In 2012, the Plaintiffs planted 488 acres and were unable to purchase the remaining 312 acres of seed.  The Plaintiffs were unable to obtain fertilizer to spray herbicide to keep the weeds killed.

| | | | | | |
|---|---|---|---|---|---|
| Pre-Bankruptcy Yields | 80 bu per acre | 800 acres | 64,000 bu (sell in 50lbs bags = 32lbs in a bu) (2,048,000lbs / 50lbs) 40,960 bags | $10.00 a bag | $409,600.00 |
| Post-Bankruptcy Yields (if planted & Fertilized) | 80 bu per acre | 800 acres | 64,000 bu (sell in 50lbs bags = 32lbs in a bu) (2,048,000lbs / 50lbs) 40,960 bags | $12.00 a bag | $491,520.00 |
| Difference in the two | 80 bu per acre | 800 acres | 40,960 bags | $2.00 | $81,920.00 |

      e.     The Plaintiffs suffered other damages including lost leases, lost crop planting opportunities, loss of favorable contract terms with Deere & Company.

Prayer for Relief

     WHEREFORE, the Plaintiffs, Koon's Farms, Inc., Sidney Curtis Koon and Julie Singletary Koon, demand judgment for damages against the Defendant, Lafayette State Bank, together with interest, pre-judgment interest, attorney's fees and such other and further relief as allowed by law.

     Date:   July 28, 2012.          THE DECKER LAW FIRM, P. A.

                              BY_____*/s/ Andrew J. Decker, III*_____
                              Andrew J. Decker, III, Esquire
                              Florida Bar No. 267211
                              320 White Avenue - Street Address
                              Post Office Drawer 1288 - Mailing Address
                              Live Oak, Florida 32064
                              Telephone:         (386) 364-4440
                              Telecopier:        (386) 364-4508
                              Email[AJD,III]:    decklaw@thedeckerlawfirm.com

                              Attorneys for Plaintiffs,  Koon's Farms, Inc., Sidney
                              Curtis Koon and Julie Singletary Koon

11108