UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                              Case No. 3:12-bk-275-PMG

KOON'S FARMS, INC.                                   Jointly administered with
                                                                        Case No. 3:12-bk-274-PMG

_____Debtor.           Chapter 12


KOON'S FARMS, INC., and
SIDNEY CURTIS KOON, and
JULIE SINGLETARY KOON,

                              Plaintiffs,

vs.                                                                    Adv. No. 3:12-ap-523-PMG


LAFAYETTE STATE BANK,

_____Defendant.


**ORDER ON DEFENDANT'S MOTIONS TO DISMISS ADVERSARY PROCEEDING, ABSTAIN FROM ADVERSARY PROCEEDING, AND STAY DISCOVERY**

THIS CASE came before the Court for hearing on February 20, 2013, to consider five Motions filed by the Defendant, Lafayette State Bank. The Motions are (1) a Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted (Doc. 7); (2) a Motion to Dismiss for Lack of Jurisdiction (Doc. 10); (3) a Motion to Dismiss for Lack of Standing (Doc. 11); (4) a Motion to Abstain (Doc. 12); and (5) a Motion to Stay Discovery (Doc. 13).

1

The Debtors, Koon's Farms, Inc., Sidney Curtis Koon, and Julie Singletary Koon, commenced this adversary proceeding by filing a Complaint for Damages on July 28, 2012, and the Defendant subsequently filed the five Motions that are the subject of this Order. The Motions were originally scheduled for hearing on October 11, 2012, and later rescheduled for November 21, 2012.

On November 16, 2012, the Court entered an Order further rescheduling the hearing on the Motions to February 20, 2013 (the Scheduling Order). (Doc. 25). The Scheduling Order was served on the bankruptcy attorney who represented the Debtors at the time that the Complaint was filed, and on the Defendant's attorney.

On November 30, 2012, after the Scheduling Order had been entered, the Debtors filed an Application to Employ Stephen C. Bullock to represent them as Special Counsel in this adversary proceeding. (Main Case Doc. 136). On January 14, 2013, the Court entered an Order approving the Application, and the Debtors were authorized to employ Stephen C. Bullock as their Special Counsel in this proceeding. (Main Case Doc. 142).

The Defendant's attorney appeared at the hearing on February 20, 2013, in accordance with the Scheduling Order, and presented its Motions to the Court. The Debtors' attorney did not appear at the hearing.

The Court has considered the record in this proceeding, and finds that the Debtors should be provided an opportunity to file written Responses to the Defendant's Motions. It is appropriate to allow the Debtors to respond to the Motions for at least two reasons. First, the Scheduling Order was entered before the Court approved the employment of their Special Counsel, and there is no indication in the record that the Debtors' Special Counsel received notice of the hearing on the Motions. Second,

allowing the Debtors to respond to the Motions will assist the Court in evaluating the facts and legal issues presented by the Motions, and in resolving the dispute between the parties.

Accordingly:

**IT IS ORDERED** that:

1. Within **twenty-one (21) days** of the entry of this Order, the Debtors may file written Responses to the Defendant's (1) Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted; (2) Motion to Dismiss for Lack of Jurisdiction; (3) Motion to Dismiss for Lack of Standing; (4) Motion to Abstain; and (5) Motion to Stay Discovery.

2. Within **fourteen (14) days** after the filing of any Responses by the Debtors, the Defendant may file written Replies to the Debtors' Responses.

3. The Court will take the Motions, Responses, and Replies, if any, under consideration, and will enter Orders on the Defendant's Motions without further hearing.

DATED this 25TH day of FEBRUARY, 2013.

BY THE COURT

_____
PAUL M. GLENN
United States Bankruptcy Judge